JS-6
O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MED GROUP, LLC, a Texas limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEW HIGH LTD., a Hong Kong corporation,<br><br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 22-6031 CAS (PVCx)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed Defendant's Motion for Terminating Sanctions, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Plaintiff's Objections.  After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

　　The Court finds that the five factors set forth in Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007), support granting terminating sanctions in this action.  Although plaintiff objects to the Magistrate Judge's

recommendation based on plaintiff's purported inability to pay the sanctions, defendant has presented evidence that plaintiff, and its various alter egos, have improperly transferred funds totaling $533,700 between plaintiff's accounts, rendering it unlikely that plaintiff could not pay the remaining sanctions of $4,432.50 and $9,973.45.  Further, based on the evidence in the record regarding plaintiff's financial circumstances and conduct throughout the action, it does not appear likely that plaintiff would, at some future time, pay the monetary sanctions ordered by the Magistrate Judge.  The Magistrate Judge imposed lesser sanctions, ordering plaintiff on three separate occasions to pay monetary sanctions to defendant.  However, these lesser sanctions proved unsuccessful.  Significantly, the Magistrate Judge twice admonished plaintiff that a failure to comply with his orders could result in terminating sanctions.  Accordingly, the Court finds that plaintiff's failure to follow the Magistrate Judge's orders repeatedly and to participate meaningfully in its own case warrants the issuance of terminating sanctions.

    IT IS ORDERED that (1) Defendant's Motion for Terminating Sanctions is GRANTED; and (2) Plaintiff's Complaint is DISMISSED WITH PREJUDICE.  However, in light of the fact the Court has imposed terminating sanctions, it does not appear that an award of attorneys' fees is necessary in this case.  Defendant is instead awarded its costs of suit.

    IT IS SO ORDERED.

DATED: April 19, 2024

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE